[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife and the defendant husband were married on March 26, 1988 in Woodbury, Connecticut. There is one minor child issue of this marriage to wit.: Hope Kathleen Chipman born March 9, 1989.
The court finds that the marriage has broken down irretrievably and the same is hereby dissolved.
One of the major issues before the court in this matter is that of the custody of the minor child. The plaintiff wife seeks sole custody with the the defendant husband having only supervised visitation. The defendant husband seeks joint custody, primary residence of the child with the plaintiff wife and unsupervised visitation.
Joint custody requires some degree of cooperation and communication between the joint custodians. In this matter cooperation and communication between the plaintiff wife and the defendant husband is virtually nonexistent. In addition, the CT Page 3891 defendant husband displayed to the court his short temper, impatience, petulance and inability to control his impulses and frustrations by a number of outbursts in open court during the hearing. Some of these outbursts occurred after being cautioned by the court and after a recess taken for the purpose of allowing his attorney to counsel him privately. The defendant husband would laugh audibly at the testimony of a witness, make comments such as "you're a liar", "that goes both ways" and at one point shouted "you're full of shit" at the plaintiff wife during her testimony. The family relations counselor testified that at the end of a mediation session the defendant husband stormed out using vulgarity. After consideration of these traits displayed by the defendant husband, a careful study of all of the evidence presented to this court, and examining what would be in the best interests of the minor child, the following order shall enter.
The plaintiff wife shall have sole custody of the minor child. The defendant husband shall have unsupervised visitation with the minor child on alternating Saturdays and Sundays between the hours of 1:00 p. m. and 4:00 p. m. In addition, he may have such other and further visitation as the parties shall mutually agree upon or as ordered by this court in the future if circumstances so warrant. The defendant husband shall, of course, have access to the academic, medical, hospital or other health records of the minor child as provided in Sec. 46b-56 (e) of the Connecticut General Statutes. All visitation with the defendant husband shall take place in a safe and appropriate setting. The defendant husband may not remove the minor child from the state of Connecticut without the express permission of the plaintiff wife or of this court.
In addition, the court has taken into consideration all of the factors contained in Secs. 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes and further orders as follows:
1. The defendant husband shall pay to the plaintiff wife the sum of $60.00 per week for the support of the minor child until such child reaches the age of majority or is sooner emancipated. Said sum shall be payable by way of an immediate wage withholding.
2. Neither party shall pay periodic alimony to the other.
3. The plaintiff wife shall continue to maintain the presently existing health insurance available to her through her employment for the benefit of the minor child. If such insurance is no longer available to the plaintiff wife through her employment and if health insurance is available to the defendant husband through his employment then he shall maintain such insurance for the benefit of the minor child. If neither party has health insurance available to them through their employment CT Page 3892 then they shall purchase Blue Cross and Blue Shield (or its equivalent) for the benefit of the minor child and shall share equally in the cost of such insurance.
In addition, all uninsured medical, dental orthodontic, ophthalmic, psychological and psychiatric expenses incurred on behalf of the minor child shall be paid equally by the plaintiff wife and the defendant husband; provided, however, that except in the case of an emergency no such expenses for which the defendant husband might be liable shall be incurred without his prior consent, which consent shall not be unreasonably withheld. This order shall be subject to the provisions of 46b-84 (c) of the Connecticut General Statutes.
4. The defendant husband shall forthwith return to the plaintiff wife the china cabinet given to them by the plaintiff wife's mother and all family photographs and albums. If the defendant husband wishes to have copies of any such photographs or albums he may cause such copies to be made at his own cost and expense.
5. Any and all interest in the entity referred to as "Johnson Associates" shall remain the sole and exclusive property of the plaintiff wife.
6. Each party shall be solely liable for and shall indemnify and hold the other harmless from one-half of any deficiency judgment arising out of a mortgage foreclosure on premises known as 6 Rose Drive, Oxford, Connecticut. In addition, the defendant husband shall be solely liable for and shall indemnify and hold the plaintiff wife harmless from any moneys owed to Jordan Marsh and Macys as of the date hereof.
The purpose of the defendant husband's indemnity of the plaintiff wife against one-half of said deficiency judgment and the moneys owed to Jordan Marsh and Macys is to further provide for the future support of the plaintiff wife and the minor child and should not be dischargeable in bankruptcy.
7. The fee of Attorney Michael Conway, the attorney for the minor child, in the amount of $3275.00 shall be paid equally by the plaintiff wife and the defendant husband on such terms as Attorney Conway and the parties shall mutually agree. If they are unable to so agree they may return to this court and this court will enter appropriate orders.
8. Except as expressly provided herein, each party shall be responsible for and shall indemnify and hold the other party harmless from all of the liabilities shown in Sec. 3 of their financial affidavits filed with this court on November 19, 1990. CT Page 3893
9. Except as expressly provided herein, all of the property shown on the financial affidavits of the parties filed with this court on November 19, 1990 shall be the sole and exclusive property of the party upon whose affidavit such property appears.
10. Each party shall be responsible for his or her attorney's fees and costs incurred in this action.
11. The plaintiff wife may resume her maiden name of Susan Johnson.
Frederick A. Freedman, Judge